IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:21-cv-00099 |
| | ) | |
| 0.32 ACRES OF LAND OWNED BY | ) | By:  Elizabeth K. Dillon |
| GRACE MINOR TERRY, et al., | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline.  MVP commenced a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire permanent and temporary easements on numerous properties, including a property located in Roanoke County and owned by Grace Minor Terry (Terry).  On March 7, 2018, the court entered orders in the primary condemnation case, *Mountain Valley Pipeline LLC v. Easements to Construct*, Case No. 7:17-cv-492 (W.D. Va.) (Dkt. No. 613), granting MVP immediate possession of the easements on this property.[1]

Pending before the court now are MVP's supplemental motion for summary judgment (Dkt. No. 39) and Terry's subsequent motion to reopen discovery (Dkt. No. 48).  For the reasons stated below, the court will deny Terry's motion to reopen discovery and grant MVP's motion for summary judgment.

---

[1] This property was originally joined with another property in Case No. 7:20-cv-136.  On February 18, 2021, the court granted the landowners' motion to sever and directed the clerk to create a new case for the parcel owned by Grace Terry.  (Dkt. Nos. 29, 30 in Case No. 7:20-cv-136.)

I.  BACKGROUND

On October 13, 2017, the Federal Energy Regulatory Commission (FERC) issued an order for MVP to construct, maintain, and operate a natural gas pipeline along a route that includes this property (the Approved Route).  On October 24, 2017, MVP filed an action to condemn easements along the Approved Route on the subject property under Section 7 of the Natural Gas Act, 15 U.S.C. § 717f.  On October 27, 2017, MVP moved for partial summary judgment that it is authorized to condemn the easements and a preliminary injunction granting immediate possession for construction.  On January 31, 2018, the court issued a memorandum opinion and order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession upon a determination of appropriate security.  On March 7, 2018, the court set deposits and bonds for the property and granted MVP immediate possession of the easements effective upon making the required deposit and posting the required bond.

Grace Minor Terry is the owner of the subject property, a vacant, unimproved tract of land identified as VA-RO-5149.  The tract contains 15.336 acres and is located on Honeysuckle Road, in Roanoke County, Virginia.  For larger parcel purposes, the tract is included with additional, vacant, unimproved tracts subject to a conservation easement held by the Virginia Outdoors Foundation (VOF).  The total larger parcel is estimated to be 558 acres (according to landowner expert Dennis Gruelle) or 590 acres (according to MVP expert Samuel Long), with land on both sides of Honeysuckle Road (a public road), and is located in part in Roanoke County and in part in Montgomery County.  Under the conservation easement, the property cannot be subdivided despite its frontage on a public road, and it must be sold as a whole. (Gruelle Report 14, 16, Dkt. No. 2-2.)  Also, only one residential homesite can be developed on

the entire larger parcel. VOF retains all rights to subdivide the property and sell it in any form except as a unified parcel and also retains the property's development rights except for a single house referenced above. Because Terry and VOF both owned an interest in the property as of March 7, 2018, MVP had to acquire an easement interest from both parties. VOF has settled with MVP.

The larger parcel also includes an existing AEP easement to service its high voltage transmission power lines with multiple towers that date back to the 1940's. (Deposition of Grace Terry (Terry Dep.) 59, 65, Dkt. No. 6-3; *see also* Dkt. No. 12-1 at 114 of 223 (noting that there is a "high voltage power line easement that crosses the subject property").)

MVP is condemning a temporary and permanent access easement of 0.32 acres over VA-RO-5149. (Case No. 7:17-cv-492, Dkt. No. 1 at 155 and Dkt. No. 1-151.) The temporary easement varies from 20 to 30 feet in width and the permanent easement varies from 15 to 20 feet in width. MVP's access road follows an old logging road on the larger parcel and is about 668 feet long and runs from Honeysuckle Road to a land-locked, neighboring property adjoining the larger parcel to the north. The easement provides access to the pipeline being constructed on this adjoining tract that is not owned by Terry. No part of the pipeline is being constructed on the subject property or the larger parcel.

On September 7, 2022, the court issued an opinion and order granting MVP's motion to exclude the landowner's expert witnesses: Dennis Gruelle, Linda DeVito, and Larry Florin. (Dkt. No. 29.) In the same order, the court also granted MVP's motion to exclude the landowner's testimony about the value of her property after the taking but denied MVP's motion with respect to the landowner's testimony about the before-take value. Finally, the court denied MVP's motion for summary judgment as to the amount of just compensation for the permanent

access easement because Ms. Terry's testimony about the before value created an issue of fact. Terry values her property before the taking at $1,000,000 (Terry Dep. 67), and MVP's appraiser values it at $973,500 (Dkt. No. 7-1 at 49 of 190). The court did, however, grant MVP's motion for summary judgment as to the value of the temporary access easement. (*Id.*)[2]

At that point, trial was scheduled to begin on September 20, 2022. At the final pretrial conference on September 12, MVP stated that because there is very little difference between MVP's evidence of the before value of the property and Terry's before value calculation of $1,000,000, MVP would consent or stipulate to Terry's higher pre-take value. MVP's willingness to so stipulate resulted in a scenario where there appeared to be no genuine issues of material fact to resolve at trial. Thus, the court construed MVP's representation as a supplemental motion for summary judgment. (Dkt. No. 36.)

On September 14, 2022, the court issued an order (Dkt. No. 36) continuing the trial and setting a briefing schedule on MVP's supplemental motion for summary judgment (Dkt. No. 39), which motion is now before the court for resolution after a hearing on April 12, 2023 (Dkt. No. 47). Over one month after that hearing, but prior to a ruling, Terry filed a motion to reopen discovery (Dkt. No. 48), which was heard on June 23, 2023 (Dkt. No. 53).[3]

---

[2] The court granted summary judgment as to the value of the temporary access easement in the amount of $55, as calculated by MVP's expert, Samuel Long.

[3] When Terry's motion to reopen discovery was filed on May 15, it was not accompanied by a brief in support. The failure to include a brief violated Civil Local Rule 11(c)(1). During the hearing, Terry's counsel apparently realized that the brief he meant to file with the motion had not been filed, so he filed the brief during the hearing. (*See* Dkt. No. 52.) The court reserved ruling on whether it would consider the brief when considering Terry's motion to reopen discovery. MVP opposes the court's consideration of the brief. (Dkt. No. 54.)

## II.  ANALYSIS

### A.  Standard of Review

    1.  Reopening Discovery

Both Rule 16 and Rule 56 of the Federal Rules of Civil Procedure may apply to Terry's motion to reopen discovery.  First, a motion to reopen discovery may involve a change to the court's scheduling order pursuant to Rule 16.  While courts have wide decision-making discretion regarding the reopening of discovery, *Mallas v. United States*, 54 F.3d 773, 773 (4th Cir. 1995), Rule 16 provides that a scheduling order may be modified "only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4).

Rule 56(d) of the Federal Rules of Civil Procedure permits the court, *inter alia*, to defer or deny a motion for summary judgment if the nonmovant shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Courts ask whether "the nonmovant has sufficiently identified the information sought by discovery, the reasons the information has not yet been obtained, and the materiality of the information to its opposition to the summary judgment motion."  *Phillips v. Gen. Motors Corp.*, 911 F.2d 724, 1990 WL 117981, at *5 (4th Cir. 1990) (table decision).

    2.  Summary Judgment

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute of material fact is "genuine" if sufficient evidence favoring the

non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, *set forth specific facts* showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but the nonmovant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

As the Fourth Circuit Court of Appeals recently held, parties in condemnation proceedings may move for summary judgment pursuant to Rule 56 because Rule 71.1 does not provide otherwise. *United States v. 8.929 Acres*, 36 F.4th 240, 251–52 (4th Cir. 2022). Summary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken. *See Equitrans, L.P. v. 0.56 Acres*, No. 1:15-cv-106, 2016 WL 3982479, at *1 (N.D.W. Va. July 22, 2016) ("Several courts have granted summary judgment for plaintiffs in condemnation actions regarding the amount of just compensation owed where there was no genuine issue of material fact regarding the fair market value of the property to be taken.") (collecting cases); *MVP v. 1.89 Acres of Land* (*Briarwood*), Civil Action No. 7:19-cv-00078, 2019 WL 6467833, at *3 (W.D. Va. Dec. 2, 2019) (granting motion for summary judgment because without "any indication that these witnesses will testify about market value, there is no basis to find that there is a genuine issue of material fact on the before and after value of Briarwood's property").

## B. The Landowner is Not Entitled to Further Discovery

Terry asks the court to reopen discovery to permit her to amend her expert's appraisal report (Gruelle) or obtain a new appraisal report. (Dkt. No. 48.) In her brief in support (filed during the hearing)[4] and in her reply brief (filed timely), Terry makes a slightly different request, asking the court to reopen discovery to allow "Mr. Gruelle to explain the facts in dispute or allow Ms. Terry to hire a new appraiser." (Dkt. Nos. 52 at 8 (brief in support) and 50 at 1 (reply brief).)

Terry supports her motion to reopen discovery by citing to cases requiring the strict scrutiny standard of review for government infringement upon fundamental rights. She then jumps to the conclusion that the court must review the case through that lens in ruling upon her motion. Lacking, however, from this argument is any case law suggesting that a court must change, should change, or has ever changed its analysis of the Federal Rules of Civil Procedure or discovery obligations when a fundamental right is implicated.

Terry cites cases addressing the court's authority to reopen discovery. *See, e.g.*, *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *Vagish LLC v. Seneca Specialty Ins. Co.*, C/A No.:3:13-3161-TLW, 2016 WL 7638133, at *1 (D.S.C. Feb. 5, 2016). These and other cases list factors to be considered when determining good cause under Rule 16. They include whether trial is imminent, whether the request to reopen or extend discovery is opposed, whether the non-moving party would be prejudiced,[5] and whether the moving party was diligent in obtaining discovery within the guidelines established by the court. *Id*. Indeed, most courts look to whether

---

[4] The court will consider the untimely brief in support because it appears that the failure to file was inadvertent and, at the hearing, counsel made arguments similar to those in the brief.

[5] MVP opposes the motion and would clearly be prejudiced given its own disclosure of expert opinions and rebuttal opinions and its summary judgment motions.

the requesting party has been diligent in its efforts to obtain discovery, and, usually, the requesting party has just learned of new information or the non-moving, opposing party failed to disclose information timely.  *See Edwards v. Edwards*, No. DKC-12-3761, 2014 WL 1573504, at *3 (D. Md. Apr. 18, 2014) (the "primary consideration of the court in addressing whether good cause has been shown under Rule 16(b) relates to the movant's diligence.").

     Here, there has been no diligence on Terry's part.  Terry filed this motion on May 15, 2023.  Terry has not previously moved to reopen discovery or to extend the deadline for expert witness disclosures.  The court excluded Gruelle's testimony in an opinion and order entered September 7, 2022.  (Dkt. No. 29.)  Apparently, Terry thought about filing a motion over one month thereafter (October 13, 2022), but she did not do so.  (Dkt. No. 41 at 3 n.11 (mentioning in a footnote in her response to the summary judgment motion now before the court that she intended to file a motion to reopen discovery).)  Terry's motion to reopen discovery was filed 30 months after expert discovery closed, 10 months after MVP filed its first motion for summary judgment, and eight months after the summary judgment motion now before the court.  Thus, even if Rule 16's good cause standard applies when a party is seeking additional discovery to defeat a summary judgment motion, Terry's long delay in requesting amendment to her expert's appraisal report, or a new expert appraisal, establishes her lack of diligence.  Therefore, the court will deny Terry's motion to reopen discovery.

     While Terry argues that her request to reopen discovery is separate from and unrelated to MVP's motion for summary judgment, the court considers Federal Rule of Civil Procedure 56 because Terry' motion was filed while a summary judgment motion was pending.  As the Fourth Circuit has stated, "[Plaintiff's] attorney had the responsibility, if he thought further discovery was necessary to adequately oppose summary judgment, to make a motion under Rule 56(f)

8

[now 56(d)].") *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998); *see also Braswell v. Jividen*, No. 2:20-cv-00872, 2022 WL 14068998, at *4 (S.D. W. Va. Oct. 24, 2022) ("[T]he proper vehicle for requesting … additional time for discovery [on a motion for summary judgment] is Rule 56(d)"). Rule 56, however, does not provide the remedy sought by Terry.

Rule 56(d) of the Federal Rules of Civil Procedure provides that if a party opposing summary judgment shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may, among other things, "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(3). Terry's failure to move for discovery pursuant to Rule 56(d) in response to MVP's summary judgment motions means that she has waived any argument for additional discovery. *See Tsai v. Maryland Aviation*, 306 F. App'x 1, 5 (4th Cir. 2008). Moreover, Terry has "failed to comply with the requirements of Rule [56(d)] to set out reasons for the need for discovery in an affidavit." *Evans v. Tech. App. & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (explaining that courts place "great weight on the Rule 56(f) [now Rule 56(d)] affidavit" and that "the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate . . .").

For the above reasons, the court will deny Terry's motion to reopen discovery.

## C. MVP is Entitled to Summary Judgment

The only admissible evidence of the after-take fair market value of Terry's property is Long's opinion that the acreage inside the permanent easement has been damaged by 90% and the remainder of the property has been damaged by 1%. (Dkt. No. 7-1 at 55, 58 of 190.) There

was a genuine dispute of material fact regarding the fair market value of Terry's property before the take, but MVP has now conceded to using Terry's higher before-take value.[6] Using Terry's higher before value, Long recalculated the amount of just compensation to be $10,354 for the permanent access easement. (Dkt. No. 39-1.) Thus, there are no longer any disputed issues of fact on the issue of just compensation, and MVP is entitled to summary judgment.[7]

Terry also objects to combining her before value and Long's after value, noting that MVP objected to combining before and after values from two different witnesses in the *Frank Terry* case. *See MVP v. 8.37 Acres (Frank Terry)*, Civil Action No. 7:20-cv-134, 2023 WL 2945316 (W.D. Va. Apr. 14, 2023). The *Frank Terry* case, however, is distinguishable because it involved appraisers who valued the properties with different highest and best uses. *See id.* at *5 ("Ultimately, the glaring issue with combining the opinions of different appraisers in this case is that Gruelle valued the property based on completely different highest and best use than did Schweitzer and Thompson.").

Terry further notes the range of damage percentages in Long's report (0–10%) and in the Myers and Woods study (up to 17% for pipelines and 31% for power lines). Terry argues that these ranges create an issue of fact for the jury to resolve and choose amongst. However, Long determined that MVP's easement damages Terry's property by 1%. Long chose 1% because the access easement is along an old logging road, is only 668 feet long, and extends through an area that cannot be developed under the requirements of the conservation easement. (Dkt. No. 7-1 at

---

[6] As noted previously, in a footnote in her opposition brief, Terry stated that she "intends to file a motion to reopen discovery to allow further reporting from Mr. Gruelle of the facts in dispute, deposition testimony, or an evidentiary hearing in the interests of justice if necessary to re-consider the Court's opinion" excluding her testimony and Gruelle's testimony. (Dkt. No. 41 at 3 n.11). The only motion filed was the motion to reopen discovery addressed herein.

[7] MVP asks for summary judgment awarding Terry $10,354 in just compensation for the permanent access easement. The court had already granted summary judgment awarding Terry $55 in just compensation for the temporary access easement.

58 of 190.)  His report does not opine that there is a range of diminution for Terry's property; rather, he opines to a specific percentage.  Terry cites Long's prior appraisal with a higher damage percentage, but this appraisal assessed the property as if it was not encumbered by a conservation easement (Dkt. No. 15-1 at 26 of 80), and the parties agree that the property must be valued as subject to the easement.  Further, impeachment evidence is insufficient to create an issue of fact.  *MVP v. 0.47 Acres (Coffey)*, 853 F. App'x 812, 815–16 (4th Cir. 2021).  The Jared Schweitzer appraisal for security, which relied on the Myers and Woods study, also does not create an issue of fact because it appraised only about 15 acres of the property and valued it as if not encumbered by the conservation easement.

For these reasons, the court will grant MVP's motion for summary judgment.

### III.  CONCLUSION

It is HEREBY ORDERED that Terry's motion to reopen discovery (Dkt. No. 48) is DENIED, and MVP's motion for summary judgment (Dkt. No. 39) is GRANTED.  The court will issue a separate order vesting title to the easements on MVP Parcel No. VA-RO-5149.

Entered: August 7, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge