**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
Roanoke Division

| | | |
|---|---|---|
| **MOUNTAIN VALLEY PIPELINE, LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| | ) | |
| **v.** | ) | Case No. 7:19-cv-145 |
| | ) | |
| **9.89 ACRES OF LAND OWNED BY** | ) | |
| **ELIZABETH TERRY REYNOLDS,** | ) | |
| | ) | |
| *Defendants.* | ) | |

| | | |
|---|---|---|
| **MOUNTAIN VALLEY PIPELINE, LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| | ) | |
| **v.** | ) | Case No. 7:20-cv-134 |
| | ) | |
| **8.37 ACRES OF LAND, OWNED BY** | ) | |
| **FRANK H. TERRY, JR., et al.,** | ) | |
| | ) | |
| *Defendants.* | ) | |

| | | |
|---|---|---|
| **MOUNTAIN VALLEY PIPELINE, LLC**, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | Case No.  7:20-cv-135 |
| | ) | |
| **13.47 ACRES OF LAND OWNED BY** | ) | |
| **JOHN COLES TERRY, III,** | ) | |
| | ) | |
| *Defendants.* | ) | |

MOUNTAIN VALLEY PIPELINE, LLC,          )
                                        )
                    *Plaintiff*,        )
                                        )
v.                                      )          Case No.  7:20-cv-136
                                        )
2.20 ACRES OF LAND OWNED BY             )
HILAH PARKS TERRY, et al.,              )
                                        )
                    *Defendants*.       )

---

MOUNTAIN VALLEY PIPELINE, LLC,          )
                                        )
                    *Plaintiff*,        )
                                        )
v.                                      )          Case No.  7:21-cv-99
                                        )
0.32 ACRES OF LAND OWNED BY             )
GRACE TERRY, et al.,                    )
                                        )
                    Defendants.         )

## MOTION TO STRIKE LOLLAR LAW'S QUANTUM MERUIT FEE LIEN

Defendants, Frank Terry, Elizabeth Terry, Grace Terry, J. Coles Terry, III, and the heirs of Hilah Terry, by counsel, move this Court to resolve an attorney lien claimed by their former counsel who represented them collectively during litigation opposing immediate possession.

## FACTUAL ALLEGATIONS

Defendants hired Lollar Law, PLLC, to oppose the Mountain Valley Pipeline ("MVP") under the duress of pending litigation deadlines.[1]  Lollar Law motioned to extend the deadline to answer the suit on November 24, 2017, and the Court granted an extension until December 1, 2017.  Case No.: 7:17-cv-492, Dkt. 88, 93.  On December 5, 2017, Lollar Law filed a

---

[1] On October 13, 2017, FERC granted MVP a Certificate of Public Convenience and Necessity.  MVP filed its Complaint on October 24, 2017, and Motion for Partial Summary Judgment on October 27, 2017.  On October 30, 2017, MVP noticed a hearing on the Motion for Partial Summary Judgment for December 28, 2017.

Memorandum in Opposition to the Motion for Partial Summary Judgment on behalf of these five (5) Defendants and fifty-nine (59) others. *Id.* at Dkt. 197.  On December 15, 2017, Lollar Law issued written discovery related to the summary judgment motion. *Id.* at Dkt. 230.  On December 28, 2017, the Court held a hearing regarding discovery and on January 12, 2018, the Court held a hearing regarding the Motion for Summary Judgment. *Id.* at Dkt. 253, 319.

On January 31, 2018, the Court issued an Opinion granting partial summary judgment on the condition that MVP appraise properties to post an adequate security bond. *Id*. at Dkt. 339.

In March of 2018 MVP won immediate possession and in April of 2018 the Court referred cases to mediation.  In June 2018, Lollar Law requested mediation for these Defendants.

In April of 2019, the Defendants chose to terminate their relationship with Lollar Law for failure to communicate.  Letter from Frank Terry dated April 18, 2019, attached as Exhibit A ("we are going to need a more responsive approach from the attorney working on our behalf."); letter from Elizabeth Terry dated April 17, 2019, attached as Exhibit B ("we cannot be deprived of crucial communication and trusted legal advice."); letter from Grace Terry dated April 17, 2019, attached as Exhibit C ("there have been some critical times during the past year and a half when we have needed some guidance and/or explanation to help us understand the eminent domain process so that we can make informed decisions."); letter from J. Coles Terry, III, dated April 18, 2019, attached as Exhibit D ("There is too great a risk to our lives and property to continue with an arrangement that hasn't been satisfactory."); Letter from Elizabeth Terry on behalf of Hilah Parks Terry dated April 18, 2019, attached as Exhibit E ("It has been troubling and caused a lot of anxiety that when I have reached out to you and asked for guidance, the responses have varied from either minimal to no response at all.").

Mr. Lollar acknowledged the termination letters and referred Defendants to other counsel.  Letter from Charles M. Lollar dated April 22, 2019, attached as Exhibit F (advising he would "begin work on our invoice for time spent since our engagement").

Mr. Sherman wrote Mr. Lollar in July of 2020 asking for Mr. Lollar's complete work file. Letter dated July 3, 2020, attached as Exhibit G.  Mr. Lollar provided copies of the Lollar Law files and explained he did not maintain have any work product related to preparing valuation issues for trial or mediation.  Letter dated July 14, 2020, attached as Exhibit H (explaining that his representation focused its efforts on defenses to the project).

At the time of substitution of counsel, all of the named Defendants were consolidated as docket 7:19-cv-145.  Mr. Sherman moved to sever the case into separate cases for each of the respective properties.  *Id.* at Dkt. 11.  The Court granted the motion.  *Id.* at Dkt. 17.  As a result, the Defendants received unique case numbers 7:20-cv-134 (Frank Terry), 7:20-cv-135 (Coles Terry), and 7:20-cv-136 (Hilah Terry).[2]  The one thing Lollar Law did in these severed cases was to file a notice of a lien.  *See* 7:20-cv-134, Dkt. 6; 7:20-cv-135, Dkt. 3; 7:20-cv-136, Dkt. 3.[3]

## STANDARD OF REVIEW

Virginia law limits Lollar Law to seek "no more than a reasonable fee."  *In re Outsidewall Tire Litigation*, 52. F. Supp. 3d 777, 784 (E.D. Va. 2014) (citing Va. Rules of Prof. Conduct § 1.5(a) and *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. Partnership*, 480 S.E.2d 471, 473 (Va. 1997)).  "Any greater fee . . . would impair a client's unconditional right to discharge counsel with or without cause."  *Id.* at 785 (citing *Heinzman v.*

---

[2] Case No. 7:20-cv-136 (Hilah Terry) was later severed as well creating Case No.: 7:21-cv-99 (Grace Terry).  The original case number, Case No.: 7:19-cv-145, remained active for the real property owned by Elizabeth Reynolds.
[3] In addition, and not including entries on appellate dockets, Case No. 7:20-cv-134 (Frank Terry) consists of 152 entries, No. 7:20-cv-135 (John Coles Terry) consists of 48 entries, Case No. 7:20-cv-136 (Hilah Terry) consists of 63 entries, and Case No. 7:21-cv-99 (Grace Terry) consists of 69 entries.  Lollar Law, PLLC, contributed to these combined 456 entries solely by filing a lien for an undetermined amount of attorneys' fees in each case.

*Fine, Fine, Legum and Fine*, 217 Va. 958, 963 (1977) ("Unless a rule is adopted allowing an attorney as full compensation the reasonable value of services rendered to the time of discharge, clients will often feel required to continue in their service attorneys in whose integrity, judgment or capacity they have lost confidence.").  The law disfavors recovery premised on conjecture.  *Id.*

It is broadly accepted that when an attorney is fired for cause, his attorney's fees may be forfeited.  *See City of Alexandria v. Brown*, 740 F.3d 339, 354 (5th Cir. 2014) (holding that where the attorney's performance provided no value, she could recover no fee); *Campagnola v. Mullholland, Minion & Roe*, 76 N.Y.2d 38, 44 (1990) (noting the societal benefits of the rule that an attorney fired for cause may not receive fees); Restatement of the Law Governing Lawyers, §37, comment b ("The remedy of fee forfeiture presupposes that a lawyer's clear and serious violation of a duty to a client destroys or seriously impairs the client lawyer relationship and thereby the justification for the client's claim of fees."); ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 487 (2019) 1 n.3 ("when a client terminates a lawyer with cause, or the lawyer withdraws without cause . . . a lawyer may forfeit some or all of her fee.").

The burden is on the party seeking fees to establish the reasonableness of a requested fee. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

The party seeking fees must prove the necessity of the time and effort claimed by clear and convincing evidence.  *Hensley v. Eckerhart*, 461 U.S. 424, 440-41 (1983) ("A district judge may not, in my view, authorize the payment of attorney's fees unless the attorney involved has established by clear and convincing evidence the time and effort claimed and shown that the time expended was necessary to achieve the results obtained." (Burger, C.J., concurring)).

## ARGUMENT

Lollar Law should receive no fees because it was terminated for cause.  Defendants hired to oppose the project which Lollar Law did as a matter of course for all of its clients.

**I.        Lollar Law should have filed its claimed time for quantum meruit years ago.**

When terminated by the Defendants, in April 2019, Lollar Law advised that it would "begin work on our invoice for time spent since our engagement …."  Ex. F.  Five and a half (5 ½) years later the Defendants still lack any idea as to the amount claimed by Lollar Law.

Allowing Lollar Law to guess as to how much it spent for the Defendants, unique from the time it spent drafting and arguing Dkt. 197 and 230 for fifty-nine (59) other landowners, begs for unreliable evidence of imprecise timekeeping.  *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982) ("Casual after-the-fact estimates of time expended on a case are insufficient to support an award of attorneys' fees. Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney."); *In re Hudson & Manhattan R. R. Co.*, 339 F.2d 114, 115 (2d Cir. 1964) ("any attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent."); *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006) ("[F]ee claimants must submit documentation that reflects reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity, sufficient to permit the court to weigh the hours claimed and exclude hours that were not reasonably expended."  (internal quotation marks omitted)); *EEOC v. Nutri/System, Inc.*, 685 F. Supp. 568, 573 (E.D. Va. 1988) ("Proper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks.  Fee claimants must submit documentation that reflects reliable contemporaneous recordation of time spent on legal tasks

that are described with reasonable particularity."); *see also Plyler*, 902 F.2d at 277 (explaining the burden is on the party seeking fees to establish the fee).

Lollar Law's failure to provide time records is consistent with the Defendants' experience with Lollar Law – unfulfilled expectations.  Lollar Law did not deliver on its April 2019 promise to provide time entries justifying a quantum meruit award.  Defendants cannot perform this work for Lollar Law.  Waiting more than five (5) years to enforce a contract is grounds for laches.  Va. Code § 8.01-246(2) (stating five-year limitations period for written contract); *May v. R.A. Yancey Lumber Corp.*, 297 Va. 1, 19 (2019) ("While a court must determine laches based on each case's particular circumstances, it is well-established that in respect to the statute of limitations equity follows the law."); *id.* at 18 (holding laches bars equitable claim where party "fails to assert a known right or claim for an unexplained period of time under circumstances prejudicial to the adverse party." (quoting *Stewart v. Lady*, 251 Va. 106, 114 (1996)); *Meredith v. Goodwyn*, 219 Va. 1025, 1029 (1979) (holding laches defeats acknowledged right where evidence shows right has been abandoned).  The enforcement of a lien for attorney's fees is time barred when a claim on the underlying debt has become time barred.  *E.g. Davis v. King*, 560 Fed. Appx. 756, 760 (10th Cir. 2014) (looking to state contract statutes of limitations to determine if motion to enforce attorney lien was time-barred); *Gold v. Duncan Onstrander & Dingess, P.C.*, 143 P.3d 1192, 1194 (Colo. App. 2006); *Hunstein v. Fiksman*, 279 Ga. 559, 560 (2005) (holding foreclosure of a lien for attorney's fees time-barred when claim on underlying debt becomes time-barred); *Waikoloa Vill. Ass'n v. J R & M Rests. Hawaii LLC*, 144 Haw. 388 (2019); *In re Marriage of Mitchell, supra; Rotenberg v. Richards*, 899 P.2d 365 (Colo. App. 1995) (holding right to enforce attorney charging lien extinguished due to lapse of time between filing notice of lien and commencement of further proceedings).

## II.   Lollar Law litigated defenses common to other clients and forfeited any obligation owed by Defendants by virtue of its failure to communicate.

Lollar Law should receive no fees because it was terminated for cause. Lollar Law failed to communicate with the clients to the extent that it eroded their confidence in the firm's willingness to zealously represent their interests. Lollar Law provided no services to the Terry family except to prevent immediate entry – effort performed in common for sixty other clients.

In mid-April 2020, the Terries decided to terminate their representation by Lollar Law, citing the need for "a more responsive approach from the attorney working on our behalf," Ex. A-E, unsatisfactory representation, *id.*, and Lollar Law's failure to provide "guidance and/or explanation to help understand the eminent domain process," *id*. Failure to communicate with clients and provide guidance leading to lack of confidence can provide the basis of for-cause termination. *See Simar v. Tetra Techs. Inc*., 2019 U.S. Dist. LEXIS 136968, *6 (W.D. La. 2019) ("A failure to communicate justifies a 'for cause' termination."); *Rush v. Barrios*, 56 S.W.3d 88, 104 ( Tex. App. 2001) (finding cause for termination of uncommunicative attorney); *O'Rourke v. Cairns*, 683 So. 2d 697, 703 (La. 1996) (holding failure to communicate, unprofessional demeanor, and questionable handling of the case constituted just cause for termination); *Gupton v. Davis*, 2012 Tenn. App. LEXIS 668, No. E2011-02215-COA-R3-CV, *25 (Tenn. App. 2012) (finding inadequate communication and client's desire to not be part of a class sufficient for for-cause termination); *Tran v. Williams*, 56 So. 3d 1224, 1229 (La. App. 2011) (finding lack of communication sufficient cause for termination).

Lollar Law's file shows few communications at all in the year preceding termination except Lollar Law's insistence on mediation despite Defendants' clear desire not to mediate.

Defendants wanted Lollar Law to keep them apprised. Defendants made repeated attempts to communicate and Lollar Law failed to respond. Defendants terminated Lollar Law.

Lollar Law should not be allowed to recover a fee or should have its fees substantially reduced.

*See Campagnola*, 76 N.Y.2d at 44; Restatement of the Law Governing Lawyers, §37, comment b; ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 487 (2019) 1 n.3.

## **CONCLUSION**

Lollar Law forfeited its fee through Mr. Lollar's failure to enforce its lien within the statutory period for a contract action, failure to communicate with its clients and failure to determine what amount of fee is even claimed.  Awarding Lollar Law money for fees unknown to Lollar Law or Defendants five years after termination is not just or supported by the record.

**ELIZABETH TERRY REYNOLDS**
**FRANK H. TERRY**
**JOHN COLES TERRY**
**GRACE TERRY**
**HEIRS OF HILAH PARKS TERRY**

/s/ Joseph V. Sherman
Joseph V. Sherman (VSB No. 86099)
POOLE BROOKE PLUMLEE, P.C.
4705 Columbus Street, Suite 100
Virginia Beach, Virginia 23462
Telephone:      (757) 552-6050
Facsimile:      (757) 552-6016
E-mail: jsherman@pbp-attorneys.com

9

## CERTIFICATE OF SERVICE

I certify that on September 4, 2024, I electronically filed a true copy of the foregoing MOTION TO STRIKE LOLLAR LAW'S QUANTUM MERUIT FEE LIEN with the Clerk of Court in Case No.: 7:17-cv-492 using the CM/ECF system, which will notify counsel of record including:

Mr. Charles M. Lollar, Sr. (VSB No. 17099)
Mr. Charles M. Lollar, Jr. (VSB No. 88635)
LOLLAR LAW, PLLC
109 E. Main Street, Suite 501
Norfolk, VA 23510
Email:  Chuck@lollarlaw.com
          Chip@lollarlaw.com

Mr. Wade W. Massey (VSB No. 16616)
Mr. Seth Land (VSB No. 75101)
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Email:  wmassie@pennstuart.com
          sland@pennstuart.com

/s/ Joseph V. Sherman
Joseph V. Sherman (VSB No. 86099)