IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 7:21-cv-00099 |
| 0.33 ACRES OF LAND, OWNED BY GRACE MINOR TERRY, *et al.* | ) |
|       Defendants. | ) |

### NOTICE OF ATTORNEY'S CHARGING LIEN

PLEASE TAKE NOTICE that Charles M. Lollar, Charles M. Lollar Jr. and Lollar Law PLLC (collectively, "Lollar Law") asserts a *quantum meruit* attorney's fee lien based upon legal services performed and costs incurred by Lollar Law in connection with the representation of defendant Grace Minor Terry ("Defendant") in this action. In support of its lien Lollar Law states as follows:

1. This court has jurisdiction to resolve this fee dispute, applying Virginia law, for attorney work done that relates to this proceeding filed in this court. See In re Outsidewall Tire Litig., 52 F. Supp. 3d 777, 783 (E.D. Va. 2014), vacated and remanded on other grounds, 636 F. App'x 166 (4th Cir. 2016) (finding the court had ancillary or supplemental jurisdiction to resolve the attorneys' fee dispute and value the lien because "the action was filed and fully litigated here, and the lien was filed here") citing American Federation of Tobacco–Growers v. Allen, 186 F.2d 590, 592 (4th Cir. 1951).

2. Under Virginia law, when "an attorney employed under a contingency fee contract

1

is discharged without just cause and the client employs another attorney who effects a recovery, the discharged attorney is entitled to a fee based upon quantum meruit for services rendered prior to discharge" <u>Heinzman v. Fine, Fine, Legum & Fine</u>, 234 S.E.2d 282, 286 (Va. 1977) (noting that "quantum meruit is the most functional and equitable measure of recovery"); see also <u>Morris Law Office, P.C. v. Tatum</u>, 388 F. Supp.2d 689, 712 (W.D. Va. 2005) (applying Virginia law and noting that the "mere fact that a client possesses the absolute right to terminate an attorney for any reason or no reason . . . does not also give the client the authority to deprive the discharged attorney of reasonable fees for the effort expended on behalf of the client up to the point of discharge").

3. On November 21, 2017, Defendant and Lollar Law entered into written engagement agreement ("the Agreement") whereby Lollar Law's fee shall be equal to one-third (33 1/3%) of any contingent recovery Lollar Law can achieve for Defendants as just compensation in this case, *above* a stipulated amount.

4. Relying upon the Agreement, Lollar Law invested significant time and resources, which was reasonable and was necessary under the circumstances.

5. By March 22, 2018 email, Lollar Law sent Defendant along with her mother and siblings also named defendants in Case No. 7:17-cv-492, copies of the Court's March 7, 2018 order of immediate possession, as to Defendant's property, MVP Parcel No. VA-RO-5149. This letter detailed for Defendant's benefit the just compensation phase of this proceeding, advising of certain deadlines and costs and expenses to be incurred. A copy of this email is attached as **Exhibit 1.**

6. Defendant, along with her siblings, refused to opt into and attend mediation of their

compensation claims in this proceeding, resulting in scheduling orders being entered on February 8, 2019, as to Defendant's siblings' properties, scheduling trials and expert disclosures in the months that followed.

7. On February 19, 2019, MVP, pursuant to FRCP Rule 36, 33 and 34, served second interrogatories and request for production of documents upon Defendant and her mother and siblings. This written discovery sought land valuation appraisal and other expert reports required to be produced by the dates set forth in the Court's order.

8. By letter dated February 20, 2019, a copy of which is attached as **Exhibit 2,** Lollar Law delivered a copy the Court's Scheduling Order to Defendant which outlined in detail the just compensation phase of this eminent domain proceeding and the appeal of MVP's grant of immediate possession, closing with "If you do not understand any of this and want to discuss it with us, please call our office to schedule a time to discuss this in detail. We know this project and federal court litigation has been and continues to be difficult for you, and sincerely appreciate your cooperation and assistance in getting to you to closure in your just compensation case." A similar letter was sent to Defendant's mother and each of her siblings named as defendants in MVP's complaint.

9. On February 27, 2019, Lollar Law, on Defendant's behalf, served interrogatories and request for production of documents on MVP, due March 29.

10. Lollar Law followed up with a call to Defendant on March 20, 2019, to advise her that MVP extended the deadline for her discovery responses to April 22, 2019.

11. On March 25, 2019, Lollar Law negotiated with MVP's counsel for a mutual

extension of Rule 26(a) initial disclosures under the Court's scheduling order.

12. Defendant made no effort to provide Lollar Law any of the information MVP sought in its discovery requests, nor to fund the retainer required to engage an eminent domain appraiser to prepare the required appraisal report that would supply most of that information.

13. By letter dated April 17, 2019, Defendant notified Lollar Law that "I will no longer need your legal services in the eminent domain lawsuit filed by Mountain Valley Pipeline LLC v. Grace Minor Terry and others, US Dist. Ct., WD Va. Roanoke Div., Case No. 7:19-cv-00145". This letter is almost identical to the letters of termination of her mother Hilah Parks Terry (by sister Elizabeth under power of attorney), and her siblings, Frank H. Terry, Jr., dated April 18, 2019, John Coles Terry III, dated April 18, 2019, and Elizabeth T. (Terry) Reynolds, dated April 17, 2019, all of whom were referred to Lollar Law by attorney Thomas J. Bondurant, Jr. and his wife, Roberta Motherway "Bert" Bondurant. Mr. Bondurant, an attorney with Gentry Locke law firm, had been representing the Terry siblings in certain "right to survey" suits filed in Roanoke County Circuit Court by plaintiff Mountain Valley Pipeline, LLC. ("MVP"), and claimed he had a conflict in representing the Terry siblings in this FRCP Rule 71.1 proceedings. Mrs. Bondurant, a gas pipeline activist with Preserve Roanoke/Bent Mountain and Protect Our Water Heritage Rights aka "POWHR", whose email was "bondurantlaw@aol.com", also regularly communicated with the Terry siblings and other pipeline opponents at Bent Mountain and former clients of Lollar Law.

14. Defendant asserts via counsel the termination of Lollar Law was for cause. Under

these circumstances, Defendant terminated Lollar Law without cause.

15. Lollar Law provided legal services to and acted as counsel of record for Defendant from November 21, 2017 to July 11, 2019, when this Court entered its order of substitution of counsel in this case.

16. Lollar Law is entitled to a fee based on *quantum meruit* for Lollar Law's time and resources spent in representing Defendant.

Dated: September 16, 2024

By: /s/ Charles M. Lollar
Charles M. Lollar
VSB No.: 17009
Email: chuck@lollarlaw.com
Charles M. Lollar, Jr.
VSB No.: 88635
Email: chip@lollarlaw.com
LOLLAR LAW, PLLC
109 E. Main St. Suite 501
Norfolk, VA 23510
Telephone (757) 644-4657
Facsimile (757) 644-4659
*Counsel for Lollar Law, PLLC*

Certificate of Service

I hereby certify that on September 16, 2024, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following:

Joseph V. Sherman
Poole, Brook Plumlee, P.C.
4705 Columbus Street, Suite 100
Virginia Beach, Virginia 23462
Telephone: (757) 552-6050
Facsimile (757) 552-6016
Email jsherman@pbp-attorneys.com
*Counsel for Defendant Grace Minor Terry*

Wade W. Massie
Seth M. Land

PENN, STUART & ETHRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Facsimile No. (276) 628-5621
Email: wmassie@SCpennstuart.com
      sland@pennstuart.com
*Counsel for Plaintiff Mountain Valley Pipeline, LLC*

                                  /s/Charles M. Lollar